UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE TATIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ALLIED INTERSTATE, LLC and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff MICHELLE TATIS (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendants ALLIED INTERSTATE, LLC and JOHN DOES 1-25, (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking

1

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, Allied Interstate, LLC ("AILLC") is a collection agency with its principal office located at 7525 West Campus Road, New Albany, Ohio 43054.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. AILLC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following New Jersey consumer class (the "Class"):

- All New Jersey consumers who were sent collection letters and/or notice from

   AILLC attempting to collect an obligation allegedly owed to LVNV FUNDING, LLC that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

        a.   Whether Defendant violated various provisions of the FDCPA;

        b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

        c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

      be applied in determining such damages and restitution; and

   d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to May 18, 2015, an obligation was allegedly incurred to the original creditor Bally Total Fitness Holding Corporation ("Bally")

15. The Bally obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Bally obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Bally is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Some time prior to May 18, 2015, the Bally debt was assigned to or purchased by LVNV Funding, LLC ("LVNV").

19. AILLC contends that the LVNV debt is past due.

20. AILLC collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. On or about May 18, 2015, AILLC caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged LVNV debt. *See* **Exhibit A.**

22. The Letter was sent or caused to be sent by persons employed by AILLC as a "debt

collector" as defined by 15 U.S.C. §1692a(6).

23. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Letter stated in part:

> "LVNV Funding LLC is willing to accept in the amount of $128.99 in settlement of this debt. You can take advantage of this settlement offer if we receive payment of this amount or if you make another mutually acceptable payment arrangement within 40 days from the date of this letter."

25. Upon information and belief, the Bally debt originated in 2005 and was charged off in 2006.

26. Upon information and belief, the debt AILLC is attempting to collect on is passed the New Jersey's statute of limitations.

27. Upon reading the Letter, the Plaintiff believed, as would the unsophisticated debtor, that she had a legal obligation to pay the LVNV debt as AILLC was offering to "settle" the account.

28. The Letter falsely implies that the LVNV debt is legally enforceable by making Plaintiff an offer to settle his account.

29. It is the policy of the Defendant to send and cause the sending of letters, in the form attached hereto as **Exhibit A**, that seek to collect time-bared debts and to not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

30. The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer

in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

31. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

32. Courts have also held that a debt collector's "settlement" offer made to consumers on a time-barred debt is misleading. *See e.g., McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

33. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

34. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

37. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

38. The Defendants violated said provision by:

    a. Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Making false threats to take action that cannot legally be taken in violation of 15 U.S.C. §1692e and 1692e(5);

    c. Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692f.

42. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

43. Defendants' violated said section by offering a settlement on a time barred debt without notifying the Plaintiff that this debt was time barred.

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  January 08, 2016           */s/ Ari Marcus*
                                   Ari Marcus, Esq.
                                   MARCUS & ZELMAN, LLC
                                   1500 Allaire Avenue, Suite 101

>Ocean, New Jersey 07712
>(732) 695-3282 telephone
>(732) 298-6256 facsimile
>*Attorneys for Plaintiff*
>
>*/s/ Yitzchak Zelman*
>Yitzchak Zelman, Esq.
>MARCUS & ZELMAN, LLC
>1500 Allaire Avenue, Suite 101
>Ocean, New Jersey 07712
>(732) 695-3282 telephone
>(732) 298-6256 facsimile
>*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 08, 2016            */s/ Ari Marcus*
                                   Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 08, 2016            */s/ Ari Marcus*
                                   Ari Marcus, Esq.